# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERTO ALVARADO,<br><br>Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>Defendant. | 1:17-cv-00526-EPG<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR ATTORNEY FEES UNDER EAJA IN PART<br><br>(ECF No. 20) |

Plaintiff Roberto Alvarado moves the Court to grant, under the Equal Access to Justice Act, 28 U.S.C. § 2412 ("EAJA"), $3,148.64 in attorney fees and $6.43 in expenses. (ECF No. 20, 23.) Defendant, Commissioner of Social Security, objects to Plaintiff's motion, contending that the requested amount of fees is excessive, and that any fees awarded must be made payable to Plaintiff and not his attorney. Upon a review of the pleadings, the Court grants Plaintiff's motion but reduces the amount awarded in attorney fees to $2,951.85.[1]

## BACKGROUND

On April 13, 2017, Plaintiff filed a complaint challenging the denial of benefits by an Administrative Law Judge ("ALJ"). (ECF No. 1.) The Court issued a Scheduling Order outlining procedural steps and corresponding deadlines to be followed in this case. (ECF No. 6.) To

---

[1] The matter was submitted for decision on the parties' briefs.

1

promote early settlement in social security cases, thereby saving time and resources for all parties, the Scheduling Order included a requirement that the parties exchange succinct, confidential letter briefs prior to submitting formal briefs with fully developed arguments to the Court. (ECF No. 6 at 2.) This process allows the parties to vet and discuss potential reasons for remanding the matter, and may obviate the need for formal briefing and adjudication on the merits by the Court if the case can be resolved informally.

In this case, after receiving Plaintiff's letter brief, the Commissioner agreed to remand the matter pursuant to sentence four of 42 U.S.C. § 405(g), for further proceedings and a new decision by the ALJ. (ECF No. 17.) Subsequently, based on a stipulation submitted by the parties, the Court issued an order remanding the case to the Commissioner for further proceedings consistent with the terms of the parties' stipulation to remand. (ECF No. 18.) Judgment was entered consistent with the Court's order. (ECF No. 19.) Plaintiff then filed a motion for attorney fees and expenses. (ECF No. 20.) Plaintiff seeks attorney fees in the amount of $3,148.64 and expenses in the amount of $6.43, for a total award of $3,155.07. (ECF No. 23 at 1.)

**DISCUSSION**

The EAJA, 28 U.S.C. § 2412(d)(1)(A), provides:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

Plaintiff argues that he is a prevailing party and is eligible for an award of attorney's fees and expenses under the EAJA (ECF No. 20 at 2-3). Defendant does not contest Plaintiff's eligibility for an EAJA award. Instead, Defendant argues that the amount of fees Plaintiff requests is unreasonable and that any payment of fees must be made directly to Plaintiff and cannot be paid directly to counsel (ECF No. 22).

**A. Reasonableness of Plaintiff's Fee Request**

The EAJA provides for an award of "reasonable" attorney fees. 28 U.S.C. §

2

2412(d)(2)(A). By statute, hourly rates for attorney fees under the EAJA are capped at $125 per hour, but district courts are permitted to adjust the rate to compensate for increases in the cost of living. *Id.*; *Sorenson v. Mink*, 239 F.3d 1140, 1147-49 (9th Cir. 2001); *Atkins*, 154 F.3d at 987. IN the Ninth Circuit, the statutory maximum EAJA rate for 2017 is $196.79. *See* https://www.ca9.us courts.gov/content/view.php?pk_id=0000000039.

Determining a reasonable fee "requires more inquiry by a district court than finding the 'product of reasonable hours times a reasonable rate.'" *Atkins*, 154 F.3d 988 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). The district court must consider "the relationship between the amount of the fee awarded and the results obtained." *Id.* at 989. Counsel for the prevailing party should exercise "billing judgment" to "exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary," as a lawyer in private practice would do. *Hensley,* 461 U.S. at 434; *see also Moreno v. City of Sacramento*, 534 F.3d 1106, 1111 (9th Cir. 2008) ("The number of hours to be compensated is calculated by considering whether, in light of the circumstances, the time could reasonably have been billed to a private client.").

The Court must "provide a concise and clear explanation of the reasons" for its attorney award calculation. *Hensley*, 461 U.S. at 433; *Sorenson*, 239 F.3d at 1145. A court has wide latitude in determining the number of hours reasonably expended and may reduce the hours if the time claims is excessive, redundant, or otherwise unnecessary. *Cunningham v. Cnty. Of Los Angeles*, 879 F.2d 481, 484 (9th Cir. 1988). "Hours that are not properly billed to one's client are not properly billed to one's adversary pursuant to statutory authority." *Hensley*, 461 U.S. at 434. The applicant bears the burden of demonstrating the reasonableness of the fee request. *Blum v. Stenson*, 465 U.S. 886, 897 (1984).

Here, Plaintiff requests the maximum statutory rate of $196.79.[2] (ECF Nos. 20-1, 23-1.) Plaintiff initially requested compensation for a total of 12.35 hours of attorney time, but changed that request to 16 hours based on (1) the time it took to research and draft a reply to Defendant's opposition to Plaintiff's EAJA motion, and (2) a 0.45 hour voluntarily reduction. (*See* ECF Nos.

---

[2] Defendant does not challenge Plaintiff's request for the statutory maximum rate.

3

20-1, 23, 23-1.) Plaintiff provides the following details for those 16 hours:

| Date | Description | Time | Voluntary Reduction | Adj. Time |
|---|---|---|---|---|
| 4/3/17 | Review case for appealable issues, including reading ALJ decision and AC decision, case accepted | 0.5 | 0.0 | 0.5 |
| 4/13/17 | Prepare and file opening documents including drafting complaint, reviewing ALJ decision, AC order, draft cover sheet, preparing IFP docs for motion, filing | 0.45 | 0.25 | 0.2 |
| 4/20/17 | Prepare documents for Service (IFP granted 4/17/17) summons, drafting necessary documents for US Marshal service/court clerk | 0.5 | 0.2 | 0.3 |
| 7/24/17 | Consent execute and file | 0.1 | 0.0 | 0.1 |
| 9/30/17 | Reviewing admin record, making notes, outlining issues, reviewing case law on point | 5.2 | 0.0 | 5.2 |
| 10/2/17 | Drafting confidential brief: flesh out outline, pull cites, argument proceedings and testimony evidence | 3.1 | 0.0 | 3.1 |
| 4/18/18 | Drafting EAJA motion, review of confidential memo for motion drafting purposes, preparing exhibits and time table, editing | 2.5 | 0.0 | 2.5 |
| 5/23/18 | Drafting reply brief including review of OGC response, making notes, case research | 4.1 | 0.0 | 4.1 |
| **Total** | | 16.45 | .45 | 16.00 |

(ECF Nos. 20, 23, 23-1.)

Plaintiff contends that the time counsel spent on the case was the time required to properly research, draft, and win the case. Plaintiff states that counsel focused on two major points in the letter brief to Defendant, and points out that the letter brief led to an agreed voluntary remand for further proceedings. Plaintiff explains that the briefing also included an atypical argument about the intersection of the Administrative Law Judge's failure to consult a vocational expert at step five and Plaintiff's limited hand function, and that this atypical argument required additional case law research. Further, in response to Defendant's opposition, Plaintiff voluntarily reduced by 0.45 hours the time for which compensation is sought.

Defendant argues that Plaintiff's request is unreasonable because Plaintiff's counsel failed to properly document her hours. In support of this assertion, counsel points to the initial time sheet provided by Plaintiff. That time sheet is, in relevant part, almost identical to what the Court has set forth above.[3] (*Compare* ECF No. 20-1 *with* ECF No. 23-1.) Defendant argues that Plaintiff

---

[3] The primary differences between the initial time sheet submitted by Plaintiff and the one submitted with Plaintiff's reply brief are the addition of a voluntary reduction column; the additional row for 5/23/18 for time spent preparing the reply brief; and the correction of a typographical error to change a date of "9/31/17" (which does not exist) to the correct date of "9/30/17." (*Compare* ECF No. 20-1 *with* ECF No. 23-1.)

1    "does not specify the amount of time expended on individual tasks when performing more than one on a particular day," and that the large block entries used by Plaintiff "do not provide appropriate billing information to the courts." (ECF No. 22 at 3-4.)

        The Court agrees that "block billing" format, which identifies several tasks within one time entry and does not specify how much time it took to complete tasks recorded in the entries, makes it difficult for courts to determine the reasonableness of the hours for which compensation is sought. As observed by the Ninth Circuit, "block billing makes it more difficult to determine how much time was spent on particular activities." *Welch v. Metro. Life Ins. Co.*, 480 F.3d 942, 948 (9th Cir. 2007). Further, although counsel is "not required to record in great detail how each minute of [her] time was expended," *Hensley*, 461 U.S. at 437 n.12, "counsel bears the burden of submitting detailed time records justifying the hours claimed to have been expended." *Yeng Xiong v. Astrue*, No. 1:10–cv–01671–JLT, 2012 WL 4210121, at *3 (E.D. Cal. Sept. 19, 2012) (quoting *Chamers v. City of Los Angeles*, 796 F.2d 1205, 1210 (9th Cir. 1986)).

        Here, the Court finds the level of detail provided by Plaintiff's counsel sufficient to determine the reasonableness of the time counsel spent on the tasks, particularly with counsel's additional explanation regarding the process counsel uses to, for example, review the administrative record and draft briefs. (*See* ECF No. 23 at 3-4). Further, with the exception of the time spent on the reply brief, the Court finds the amount of time spent on the tasks to be reasonable. As Plaintiff explained, there was an atypical issue in the case that required additional research and analysis during the processes of reviewing the administrative record and outlining issues, and the drafting of the confidential brief. The Court finds the time expended on those tasks to be reasonable. As to the time Plaintiff's counsel spent preparing and filing opening documents and preparing documents for service, Plaintiff has voluntarily reduced those hours from a combined 0.95 hours to 0.5 hours, reflecting a voluntary reduction of 0.45 hours. The Court finds that, with this reduction, Plaintiff's counsel's time for those tasks is reasonable.

        However, the Court finds unreasonable and excessive the 4.1 hours expended to draft the reply brief in support of the motion for attorney's fees, particularly in light of the 3.1 hours expended drafting the confidential letter, and the 5.2 hours expended reviewing the administrative

record. The reply brief (not including the one page exhibit) is 6 pages, and is responding to a 6 page opposition filed by Defendant. The arguments and case law in the opposition and reply are not unique or novel. The Court also notes that Plaintiff's counsel, Kelsey Brown, was counsel in *Nunez v. Berryhill*, No. 1:16-cv-00294-SKO (E.D. Cal.). The EAJA attorney's fees order in *Nunez* addressed the issues of block billing and payment of EAJA fees directly to counsel. *Nunez v. Berryhill*, No. 1:16-cv-00294-SKO, 2018 WL 1605721 (E.D. Cal. April 3, 2018). That order, along with the motion for EAJA fees filed by Ms. Brown in *Nunez*, and the motion for EAJA attorney's fees filed in the present case, contain most of the case law upon which Plaintiff relies in her reply brief. The Court finds, under the circumstances, that a reduction of 1 hour for the drafting of the reply brief is appropriate. Based on the foregoing, the Court finds that an adjusted total time of 15.0 hours is reasonable.

**B. Payment of Fees Directly to Counsel**

Defendant opposes Plaintiff's request that any fee award be paid directly to counsel and argues that the fee award should be made directly to Plaintiff. (ECF No. 22 at 5-6.) An attorney fee award under the EAJA is payable to the litigant and is therefore subject to a government offset to satisfy any pre-existing debt owed to the United States by the claimant. *Astrue v. Ratliff*, 560 U.S. 586, 592-93 (2010).

Subsequent to the decision *in Ratliff*, some courts have ordered payment of the award of EAJA fees directly to plaintiff's counsel pursuant to plaintiff's assignment of EAJA fees, provided that the plaintiff has no debt that requires offset. *See Nobles v. Berryhill*, No. 2:15-CV-2525 DB, 2017 WL 4652756, at *3 (E.D. Cal. Oct. 17, 2017) (gathering cases). Similarly, in recently submitted stipulations and proposed orders for the award of attorney fees under the EAJA, the parties have stipulated that, if plaintiff does not owe a federal debt, the government will consider the plaintiff's assignment of EAJA fees and expenses to plaintiff's attorney and will honor the assignment by making the fees and expenses payable directly to counsel.

Here, Defendant asks that the Court direct that any award of EAJA attorney fees be paid to Plaintiff, and that if and when Plaintiff is awarded EAJA fees, the United States Department of the Treasury will determine whether Plaintiff owes a government debt and take appropriate action

according to statutes and regulations, as permitted by *Ratliff*. Defendant further indicates that it will make the discretionary determination of whether to waive the requirements of the Anti-Assignment Act, 31 U.S.C. § 3727, once the Court issues an order for EAJA fees payable to Plaintiff. (ECF No. 22.)

Under the Anti-Assignment Act, a claim against "the United States may not be assigned to a third party unless [certain] technical requirements are met." *United States v. Kim*, 806 F.3d 1161, 1169 (9th Cir. 2015); 31 U.S.C. § 3727. "[I]n modern practice, the obsolete language of the Anti-Assignment Act means that the Government has the power to pick and choose which assignments it will accept and which it will not." *Kim*, 806 F.3d at 1169-70. The Anti-Assignment Act "applies to an assignment of EAJA fees in a Social Security Appeal for disability benefits." *Yesipovich v. Colvin*, 166 F. Supp. 3d 1000, 1011 (N.D. Cal. 2015).

In light of the discretionary authority of the government to accept or not accept an assignment, the Court finds it appropriate to order the EAJA fees be made payable directly to Plaintiff's counsel, subject to any government debt offset and subject to the government's waiver of the requirements under the Anti-Assignment Act.

## **CONCLUSION AND ORDER**

Based on the foregoing, the Court finds Plaintiff's counsel reasonably expended 15 hours, at a rate of $196.79 per hour, litigating this case. The Court further finds that Plaintiff incurred expenses in the amount of $6.43. Accordingly,

1. Plaintiff's motion for attorney fees and expenses under the EAJA is GRANTED in part;

2. Plaintiff is awarded attorney fees under the EAJA in the amount of $2,951.85, plus $6.43 in expenses, for a total award of $2,958.28;

3. Defendant is directed to determine whether Plaintiff's EAJA attorney's fees are subject to any offset permitted under the United States Department of the Treasury's Offset Program and, if the fees are not subject to an offset, shall cause payment of fees

to be made directly to Plaintiff unless the Government decides to accept the assignment of fees; and

4. Defendant is directed to mail the payment to Plaintiff's counsel.

IT IS SO ORDERED.

Dated: **July 16, 2018**         /s/ Eric P. Groj
                                 UNITED STATES MAGISTRATE JUDGE